**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WANDA HENRY *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-4011 |
| FIESTA MART, LLC *Defendant*. | § § § | |

## DEFENDANT FIESTA MART, L.L.C.'S NOTICE OF REMOVAL

Defendant Fiesta Mart, L.L.C. ("Fiesta") hereby removes this action from the Harris County Court at Law No. 4, to this Court, pursuant to and in accordance with 28 U.S.C. §§ 1332 1441, and 1446. As grounds for removal, Fiesta states as follows:

### I.
### FACTS

1. On October 14, 2020, Plaintiff Wanda Henry ("Plaintiff") filed a lawsuit in the Harris County Court at Law No. 2 (Cause No. 1160122) against Fiesta ("Lawsuit").[1] Plaintiff seeks to recover damages arising from an alleged personal injury incident that occurred at Fiesta's store located at 10401 Jensen Drive, Houston, Texas 77093. Specifically, in her Petition, Plaintiff asserts claims for negligence, gross negligence, and premises liability. She seeks monetary relief of $100,000.

2. Plaintiff served Fiesta with the Lawsuit on November 3, 2020.[2]

3. Fiesta timely answered in state court on November 20, 2020.[3]

---

[1] Exhibit 3: Plaintiff's Original Petition [hereinafter "Pet."].

[2] Exhibit 4: Executed Citation for Fiesta Mart, LLC.

[3] Exhibit 6: Defendant Fiesta Mart, LLC's Original Answer.

## II.
### TIMELINESS OF REMOVAL

4. Generally, a defendant is required to file a notice of removal of a civil action within thirty (30) days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). Plaintiff served Fiesta on November 3, 2020. Thus, the filing of this notice of removal is timely.

## III.
### VENUE

5. Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
### DIVERSITY JURISDICTION

6. A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7. This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

**A. This action is between citizens of different states.**

8. Diversity exists when the amount in controversy is $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1).

*1. Plaintiff's Citizenship*

9. The Petition alleges that Plaintiff is a resident of Texas.[4] Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time she filed and served her Petition and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal. *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

*2. Defendant Fiesta's Citizenship*

10. Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

11. Fiesta Mart, L.L.C., the Defendant, is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Fiesta Mart, L.L.C. is Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in California.[5] The corporate structure of Fiesta has not changed since the time the affidavit included as Exhibit 9 was executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California and of no other state. *See Harvey*, 542 F.3d at 1080.

12. Accordingly, complete diversity exists as the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).

**B.  The amount in controversy exceeds $75,000.**

13. To show that all the requisites for federal jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a);

---

[4] Exhibit 3: Pet. at p. 1.

[5] Exhibit 9: Affidavit of Michael Saltzstein.

*Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount is controversy is ordinarily established on the face of the complaint and the dollar-amount actually claimed. *See id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14. Here, the Petition states that Plaintiff seeks "only monetary relief of $100,000 or less, including damages of any kind, costs, expenses, pre-judgment interest, and attorney fees."[6] Accordingly, the amount in controversy that Plaintiff seeks from Fiesta exceeds $75,000, and the amount in controversy requirement is satisfied. *See Lopez v. Wal-Mart Stores, Inc.*, No. CV-B-15-174, 2016 WL 1104884, at *3 n.2 (S.D. Tex. Jan. 15, 2016) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)) (finding that assertion of "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees" satisfies the amount in controversy requirement).

## V.
### NOTICE

15. Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta has filed or will contemporaneously file with the clerk of the state court a notice of the filing of this Notice of Removal.

## VI.
### EXHIBITS TO NOTICE OF REMOVAL

16. As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81 for the United States District Court for the Southern District of Texas, Fiesta has attached to this Notice of Removal the following numbered exhibits:

---

[6] Exhibit 3: Pet., at p. 2.

a. Exhibit 1: Index of documents being filed;

b. Exhibit 2: The docket sheet for Cause No. 1160122: *Wanda Henry v. Fiesta Mart, LLC*; in the County Court at Law No. 4 for Harris County, Texas;

c. Exhibit 3: Plaintiff's Original Petition, filed October 14, 2020;

d. Exhibit 4: Executed Citation for Fiesta Mart, LLC;

e. Exhibit 5: Order for Trial Setting;

f. Exhibit 6: Defendant Fiesta Mart, LLC's Original Answer;

g. Exhibit 7: List of Counsel of Record;

h. Exhibit 8: Notice of Removal in State Court; and

i. Exhibit 9: Affidavit of Michael Saltztein.

## **CONCLUSION**

WHEREFORE, Defendant Fiesta Mart, L.L.C. respectfully removes this action, Cause No. 1160122, from the Harris County Court at Law No. 4, to the United States District Court for the Southern District of Texas.

Respectfully submitted,

By: */s/ David Toney*
David Toney
State Bar No. 00797561
S.D. Tex. No. 17174
Jeryn Roberts
State Bar No. 24091802
S.D. Tex. No. 3498977
**ADAMS AND REESE LLP**
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone:  (713) 652-5151
Telecopier:  (713) 652-5152
David.Toney@arlaw.com
Jeryn.Roberts@arlaw.com

**ATTORNEYS FOR DEFENDANT FIESTA MART, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email on this 24th day of November 2020, to the following:

Joseph Onwuteaka
State Bar No. 15291300
8323 Southwest Freeway, Suite 650
Houston, Texas 77074
Tel.: (713) 271-5760
Fax. (713) 271-9206
lawaction@aol.com
ATTORNEY FOR PLAINTIFF,
BARBARA COHN

*/s/ David Toney*
David Toney