United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WANDA HENRY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 20-4011 |
| § | |
| FIESTA MART, LLC, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Fiesta Mart, LLC's ("Fiesta") motion for summary judgment (Dkt. 20) and plaintiff Wanda Henry's motion to deny or defer summary judgment (Dkt. 23). Having considered the motions, related briefing, record evidence, and applicable law, the court is of the opinion that Fiesta's and Henry's motions should be GRANTED IN PART AND DENIED IN PART.

### I.  BACKGROUND

Henry brings this action against Fiesta alleging that she was seriously injured because of Fiesta's negligent actions. Dkt. 1. Henry states that she slipped on a wet floor while shopping at a Fiesta store located at 10401 Jensen Drive, Houston, Texas 77093. *Id*. She contends that the wet floor was caused by water leaking from a nearby water cooler. *Id*. She further contends that Fiesta negligently permitted the floor to become wet, failed to warn Henry of the apparent condition, and knew or should have known of the floor's condition. *Id*. Henry's initial complaint and subsequent filings do not indicate if any of Fiesta's employees were aware of the water on the floor nor do they indicate the approximate time the floor remained wet. Dkts. 1, 23. Henry does

not know how long the water had been on the floor adjacent to the cooler before she slipped, but she testified that there were several Fiesta employees nearby when she fell. Dkt. 20.

Henry asserts that Fiesta is liable for general negligence or premises liability as well as gross negligence, entitling her to damages for medical care, pain and suffering, lost wages, and loss of earning capacity, among other things. Dkt 1. Fiesta moves for summary judgment, arguing that Henry (1) is prohibited from bringing a general negligence claim, (2) has failed to show sufficient evidence to establish whether Fiesta had actual or constructive notice of any unreasonably dangerous conditions or that those conditions were not open and obvious, (3) cannot establish a gross negligence claim as a matter of law, and (4) cannot prove she is entitled to damages for lost wages or lost earning capacity. Dkt. 20. In response, Henry requests that the court either deny Fiesta's motion for summary judgment or defer ruling on the motion so that she may conduct additional discovery to support her claims. Dkt. 23. Henry has submitted an affidavit stating that she needs to obtain information regarding (1) evidence of the source of the water, (2) how long the leak had been ongoing prior to her fall, (3) when Fiesta became aware of the leak, (4) what steps Fiesta took to make the area safe, and (5) evidence of inspection of the flooring area and cooler maintenance. *Id*.

Henry initially filed her complaint in Harris County Civil Court on October 14, 2020, and the case was removed to the U.S. District Court for the Southern District of Texas on November 11, 2020, based on diversity jurisdiction. Dkt. 1. The original discovery deadline was April 23, 2021, but the parties jointly moved to extend the deadline. Dkts. 14, 18. The court extended the discovery deadline to November 29, 2021. Dkt. 21. Fiesta asserts that as of June 17, 2021, Henry had not conducted any discovery since the case was removed to federal court. Dkt. 24.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). If the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in favor of the nonmovant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

Federal Rule of Civil Procedure 56 requires the court to grant summary judgment, "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and which that party will bear the burden of proof at trial." *Celotex* 477 U.S. at 322, 106 S. Ct. at 2552. When facts are unavailable to the nonmovant, the nonmovant can submit an affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to the motion for summary judgment. Fed. R. Civ. P. 56(d). Rule 56(d) supports the court deferring summary judgment for purposes of discovery almost as a matter of course unless the nonmoving party has not diligently pursued discovery. *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1992).

### III.    ANALYSIS

Fiesta seeks summary judgment on Henry's general negligence, premises liability, and gross negligence claims as well as Henry's claims for damages based on lost wages and lost earning capacity. Dkt. 20. Henry has requested that the court deny or defer ruling on Fiesta's motion so that Henry can conduct further discovery. Dkt. 23. The court will discuss each of Henry's claims separately, considering the newly extended discovery deadline and the evidence that Henry seeks to obtain.

**A.    General Negligence**

Fiesta argues that Henry is prohibited from bringing a general negligence claim if her injuries were caused by conditions on the premises without concurrent negligent activity. Dkt. 20. A general negligence, or negligent activity, claim is based on affirmative, contemporaneous conduct by the premises owner that caused the injury. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). This is distinct from a premises liability claim that is based on the premises owner's failure to make the property safe. *Id*. Despite requiring similar elements, these two claims are not interchangeable. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017).

Henry has not shown that there is, or that discovery will reveal, an issue of material fact that contemporaneous conduct caused her injuries. Dkt. 1. Although Henry asserts that Fiesta's employees negligently permitted the floor to become wet and failed to warn or remove the hazardous condition, Henry does not specify any affirmative actions at the time of her fall could have led to her injuries. *Id*.; Dkt. 23. The additional facts she seeks to obtain focus on the conditions of the premises such as the condition of the leaking cooler, the duration of the leak, and whether Fiesta was aware of the wet floor. Dkt. 23. None of the proposed discovery would lead to any material facts that Fiesta's contemporaneous conduct—such as an employee spraying water

4

on the floor when Henry slipped—caused her injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Henry thus has not met her burden. *See* Fed. R. Civ. P. 56(e). Therefore, Fiesta is entitled to summary judgment in its favor with respect to Henry's general negligence claim. Fiesta's motion for summary judgment on the general negligence claim is GRANTED, and Henry's motion to defer summary judgment with respect to her general negligence claim is DENIED.

**B.      Premises Liability**

Fiesta contends that Henry's premises liability claim should fail as a matter of law because she cannot establish that Fiesta had notice of unreasonably dangerous conditions. Dkt. 20. To establish a premises liability claim, Henry must show that Fiesta had actual or constructive knowledge of some condition on the premises. *See Granados v. Wal–Mart Stores, Inc.*, 653 F. App'x. 366, 367 (5th Cir. 2016) (citing *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). To establish knowledge, it is not sufficient that Fiesta created the condition, Fiesta must have known or should have known that the floor was wet and posed an unreasonable risk of harm. *See Keetch* 845 S.W.2d at 265.

Henry asserts Fiesta knew or should have known about the floor's condition prior to her fall but does not present evidence to support this claim. Dkt. 1. While she notes that several employees were in the area prior to her fall (Dkt. 23), evidence of Fiesta's employees' proximity to the condition is insufficient to show constructive notice unless there is an indication that the condition had lasted long enough that Fiesta would have had reasonable opportunity to discover it. *See Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 315 (5th Cir. 2003). However, Henry has specified multiple facts that she seeks to obtain that could potentially support her premises liability claim by identifying when Fiesta became aware of the leak and how long the water had been on

the floor. Dkt. 23. Although Henry may have not conducted sufficient discovery to date to support her premises liability claim, she potentially could obtain evidence before the November 29, 2021 deadline.

Fiesta argues that the court should not grant Henry's request for additional time to obtain discovery supporting her premises liability claim because she has been dilatory. Dkt. 24. Specifically, Fiesta asserts that Henry failed to send discovery requests in the eight months between the date the case was removed and when it filed its motion for summary judgment. Dkt. 24. Henry timely requested additional time for discovery in response to Fiesta's motion, but she does not contest that she failed to conduct discovery prior to the initial discovery deadline. *See* Dkt. 23.

To receive a continuance for discovery purposes, the nonmovant must request extended discovery prior to the court's ruling on summary judgment, put the court on notice that the party is seeking further discovery pertinent to the summary judgment motion, and demonstrate to the court how the requested discovery pertains to the pending motion. *Wichita Falls*, 978 F.2d at 918. Rule 56(d) supports the court deferring summary judgment for purposes of discovery unless the nonmoving party has not diligently pursued discovery. *Id*.

The court finds that Henry has met the requirements set out for a continuance in Rule 56(d) and has not been dilatory. In her response, Henry put the court on notice that she seeks further information regarding the conditions of the premises. Dkt. 23. While Henry may not have conducted discovery prior to Fiesta's motion for summary judgment, time alone does not prove that Henry has been dilatory. *See Wichita Falls*, 978 F.2d at 919. In *Wichita Falls*, the Fifth Circuit held that the plaintiff had not been dilatory even though the plaintiff waited nearly a year to request essential discovery because it was awaiting the outcome of related pending negotiations.

*Id*. In this case, Henry may not have pursued discovery within the eight months since the case was removed to federal court, but the parties had agreed to an extension of the discovery deadline, and the new discovery deadline has not passed. *See* Dkt. 24. It was not unreasonable for Henry to have waited to gather sufficient evidence until closer to the deadline. Therefore, Fiesta's motion for summary judgment on the premises liability claim is DENIED, and Henry's motion to defer summary judgment with respect to her premises liability claim is GRANTED.

### C. Gross Negligence

Fiesta contends that Henry cannot establish a gross negligence claim as a matter of law. Dkt. 20. Fiesta cites *Lee v. Hersey*; the *Lee* court held that "[r]ecovery of actual damages is a prerequisite to the receipt of exemplary damages." *Lee v. Hersey*, 223 S.W.3d 439, 450 (Tex. App.—Amarillo 2006, pet. denied). Fiesta does not claim that Henry will be unable to prove that there was an extreme degree of risk to which Fiesta was consciously indifferent. Dkt. 20. Because the court defers ruling at this time on Henry's premises liability claim, Henry may be entitled to actual damages and thus exemplary damages. *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006) ("[S]ection 75.002(d) permits a premises defect claim for gross negligence."). Therefore, Fiesta's motion for summary judgment on the gross negligence claim is DENIED, and Henry's motion to defer summary judgment with respect to her gross negligence claim is GRANTED.

### D. Lost Wages and Earning Capacity

Fiesta argues that Henry's claim for lost wages and earning capacity fails as a matter of law because she cannot produce sufficient evidence. Dkt. 20. To prove entitlement to lost wages, Henry must show loss of income due to her inability to work between the time of injury and the time of trial. *See Koko Motel, Inc. v. Mayo*, 91 S.W.3d 41, 51 (Tex. App.—Amarillo 2002, pet. denied). This is distinct from lost earning capacity that reflects Henry's inability to work in the

future. *See Big Bird Tree Serv. v. Gallegos*, 365 S.W.3d 173, 178 (Tex. App.—Dallas 2012, pet. denied). Lost earning capacity may reflect a person's capacity to earn even if he or she had not worked in that capacity in the past. *Id*. Henry has not worked since 2014, and the record is unclear whether she intends to work in the future. Dkt. 20. Neither Henry's initial complaint nor subsequent filings specifies what past wages or earning capacity were lost or provides evidence to support those damages. Dkt. 1, 23. Additionally, Henry did not specify in her response to Fiesta's motion what evidence, if any, she seeks to support her damages claim. Dkt. 23. While Rule 56(d) supports granting a continuance for further discovery almost as a matter of course*,* the plaintiff must demonstrate to the court how the requested discovery pertains to the pending motion. *Wichita Falls*, 978 F.2d at 918. Henry has not done so, and thus she has not met her burden. Therefore, Fiesta's motion for summary judgment on the lost wages and earning capacity is GRANTED, and Henry's motion to defer summary judgment regarding her lost wages and earning capacity claim is DENIED.

### IV. CONCLUSION

Fiesta's motion for summary judgment (Dkt. 20) is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to Henry's general negligence and lost wages and earning capacity claims, which are DISMISSED WITH PREJUDICE. It is DENIED WITHOUT PREJUDICE with respect to Henry's claims for premises liability and gross negligence.

Henry's motion to defer summary judgment (Dkt. 23) is GRANTED IN PART AND DENIED IN PART. It is DENIED with respect to her general negligence and lost wages and earning capacity claims. It is GRANTED with respect to the premises liability and gross negligence claims. The court will consider no further motions for summary judgment until the close of discovery.

Signed at Houston, Texas on September 27, 2021.

_____
Gray H. Miller
Senior United States District Judge